```
1  Jack H. Anthony, Esq.  (Bar #114440)
   LAW OFFICES OF JACK H. ANTHONY
2  276 Victoria Street
   Costa Mesa, California  92627
3  Telephone:  (949) 642-1432
   Facsimile:  (949) 642-1446
4
5  Attorneys for Plaintiff B.L., a minor, by and
   through her guardian ad litem, Melvin Friedland
```

**FILED & ENTERED**

**MAR 06 2017**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY cargill    DEPUTY CLERK

**CHANGES MADE BY COURT**

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| B.L., a minor, by and through her guardian ad litem, Melvin Friedland, | CASE NUMBER:  6:16-bk-11344-MH<br>ADVERSARY NO.:  6:16-ap-01133-MH |
| Plaintiff/Creditor, | **ORDER ON MOTION<br>FOR DEFAULT JUDGMENT** |
| vs. | |
| SHANNON CASE-ALVAREZ, JESSICA ALVAREZ | Date:  February 1, 2017<br>Time:  2:00 p.m.<br>Crtrm:  "303" |
| Debtors/Defendants. | |

IT IS HEREBY ORDERED that the Motion for Default Judgment filed by Plaintiff/Creditor B.L., a minor, by and through her guardian ad litem, Melvin Friedland, heard on February 1, 2017 at 2:00 p.m. in Courtroom "303" of the United States Bankruptcy Court, is GRANTED with respect to Shannon Case-Alvarez, and DENIED with respect to Jessica Alvarez, as stated in the court's Tentative Ruling, a copy of which is attached hereto as Exhibit "1".          ###

Date: March 6, 2017

_____
Mark Houle
United States Bankruptcy Judge

1
**ORDER ON MOTION TO DETERMINE
NONDISCHARGEABILITY OF DEBT**

EXHIBIT "1"

United States Bankruptcy Court
Central District of California
Riverside
Judge Mark Houle, Presiding
Courtroom 303 Calendar

**Wednesday, February 01, 2017**                                                                 **Hearing Room    303**

**2:00 PM**
**6:16-11344    Jessica Alvarez**                                                                          **Chapter 7**
Adv#: 6:16-01133    B.L., a minor, by and through her guardian ad lite v. Case-Alvarez et al

#42.00    CONT Motion for Default Judgment

From: 1/4/17

Also #43

EH__

Docket No: 41

**Tentative Ruling:**

**02/01/17**

**BACKGROUND**

On February 18, 2016, Jessica Alvarez & Shannon Case-Alvarez (collectively, "Debtors") (individually, "Jessica" and "Shannon") filed a Chapter 7 voluntary petition. On May 31, 2016, Debtors received a discharge.

On May 20, 2016, B.L. (a minor, by and through her guardian ad litem, Melvin Friedland) ("Plaintiff") filed a complaint against Debtors to have debt excepted from discharge under 11 U.S.C. § 523(a)(6). On September 13, 2016, the clerk entered default against Debtors. On December 8, 2016, Plaintiff filed a motion for default judgment. On January 4, 2017, the Court continued the hearing to allow further briefing from Plaintiff. Plaintiff filed a supplemental brief on January 13, 2017.

**FACTUAL BACKGROUND**

Plaintiff was placed into the foster home of Debtors when Plaintiff was three years old. Shortly thereafter, Plaintiff was observed by school personnel to have horseshoe-shaped welts near her hip.

**United States Bankruptcy Court**
**Central District of California**
Riverside
**Judge Mark Houle, Presiding**
**Courtroom 303 Calendar**

**Wednesday, February 01, 2017**                                                                           **Hearing Room**    **303**

2:00 PM
**CONT...**    **Jessica Alvarez**                                                                                         **Chapter 7**

On August 7, 2014, Shannon was convicted of the felony offense of willful injury to a child.

On July 24, 2015, the Community Care Licensing Division of the State of California Department of Social Services ("DSS") issued an order finding that Debtors had both engaged in physical abuse. Debtors were additionally prohibited from contact with clients of DSS, and the child care registration of Jessica was revoked.

Plaintiff has a pending civil action in the San Bernardino Superior Court for civil liability arising from physical abuse and neglect.

**DISCUSSION**

    A.    **Entry of Default**

Federal Rule of Civil Procedure 55 states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Fed. R. Civ. P. 55(a). Per Local Rule 7055-1(b)(1), a motion for entry of default judgment shall contain the following:

1. When and against what party default was entered

2. Whether defaulting party is an infant or incompetent person

3. Whether the defaulting party is currently on active duty

4. Whether notice has been served on defaulting party, if required by FRCP 55(b)(2)

The Court notes that Plaintiff did not comply with the Local Rule.

    B.    **Default Judgment**

**United States Bankruptcy Court**
**Central District of California**
Riverside
Judge Mark Houle, Presiding
Courtroom 303 Calendar

Wednesday, February 01, 2017                                                   Hearing Room    303

2:00 PM
**CONT...**     **Jessica Alvarez**                                                              **Chapter 7**

Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute considering material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the FRCP favoring decision on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

   1. Proper Service of Summons and Complaint

Plaintiff served Debtors at the address identified on their bankruptcy petition and Debtors did not respond to the Complaint. Additionally, Plaintiff served Debtors with a copy of the Motion; service was proper and Debtors failed to file opposition. Local Rule 9013-1(h) provides that failure to timely file a response or opposition to a motion may be deemed consent to the granting of the Motion.

   2. Merits of Plaintiff's claim

Upon default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true. *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir. 1987); "The defendant, by his default, admits the plaintiff's well-pleaded allegations of facts, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." *Nishimatsu Construction Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975); *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978); *Cotton v. Massachusetts Mut. Life Ins. Co.*, 402 F.3d 1267, 1278(11th Cir. 2005) (do not have to take as true facts that are not well-pleaded or conclusions of law).

   **a. Physical Abuse under § 523(a)(6)**

11 U.S.C. § 523(a)(6) (2010) provides:

   (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt-

      (6) for willful and malicious injury by the debtor to another entity or to the property of another entity

The elements of a § 523(a)(6) claim are: "(1) willful conduct, (2) malice, and (3)

**United States Bankruptcy Court**
**Central District of California**
**Riverside**
**Judge Mark Houle, Presiding**
**Courtroom 303 Calendar**

**Wednesday, February 01, 2017**                                                                                     **Hearing Room**     **303**

2:00 PM
**CONT...**     **Jessica Alvarez**                                                                    **Chapter 7**
causation." *In re Butcher*, 200 B.R. 675, 680 (Bankr. C.D. Cal. 1996) (*quoting In re Apte*, 180 B.R. 223, 230 (B.A.P. 9th Cir. 1995)). The first factor requires a "deliberate or intentional *injury*, not merely a deliberate or intentional *act* that leads to injury." *In re Barboza*, 545 F.3d 702, 706 (9th Cir. 2008) (*quoting Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998)). "An injury is malicious if it 'involves (1) a wrongful act, (2) done intentionally, (3) which necessarily causes injury, and 4) is done without just cause or excuse.'" *In re Smith*, 2009 WL 7809005 at *7 (B.A.P. 9th Cir. 2009) (*quoting In re Barboza*, 545 F.3d at 706).

Here, Shannon was convicted of willful cruelty to a child. Cal. Penal Code § 273.d(a) states:

> Any person who willfully inflicts upon a child any cruel or inhuman corporal punishment or an injury resulting in a traumatic condition is guilty of a felony and shall be punished by imprisonment pursuant to subdivision (h) of Section 1170 for two, four, or six years, or in county jail for not more than one year, by a fine of up to six thousand dollars, or by both that imprisonment and fine.

California, however, does not collaterally estop a party when the conviction results from a guilty plea rather than a trial. *See Pease v. Pease*, 201 Cal. App.3d 29, 34 (Cal. Ct. App. 1988). Taking the factual allegations as true, however, Plaintiff has established liability against Shannon for willful & malicious injury under § 523(a)(6).

Regarding Jessica, however, the merits of Plaintiff's claim are less clear. Plaintiff has not alleged any intentional act by Jessica underlying debt owed to Plaintiff. Plaintiff's motion for default judgment states "The Plaintiff asserts claims against the Debtors for civil liability in connection with a lawsuit that is currently pending in the San Bernardino Superior Court." The only claim in Plaintiff's state court action against Jessica is for negligence. This negligence claim does not fit the standard of § 523(a)(6), for negligence is, by its very definition, neither willful nor malicious (as defined above). While Plaintiff has pointed to action by Jessica that Plaintiff contends satisfies the standard of § 523(a)(6), the civil claim that Plaintiff contends it holds against Jessica does not fit the definition, and, therefore, that civil claim is not exempt from discharge.

While default judgments are disfavored, Shannon Case-Alvarez has been served with the summons, complaint, notice of status conference, and the motion for default, yet has not responded. Furthermore, Plaintiff appears to have established liability on the merits against Shannon, based on a criminal conviction and a DDS finding of physical abuse. Therefore, default judgment is appropriate with regard to Shannon Case-Alvarez.

**United States Bankruptcy Court**
**Central District of California**
Riverside
Judge Mark Houle, Presiding
Courtroom 303 Calendar

Wednesday, February 01, 2017                                                                 Hearing Room    303

2:00 PM
**CONT...**    Jessica Alvarez                                                                              Chapter 7

### TENTATIVE RULING

The Court is inclined to GRANT the motion with respect to Shannon Case-Alvarez and DENY the motion with respect to Jessica Alvarez.

APPEARANCES REQUIRED.

| Party Information |
|---|

**Debtor(s):**

Jessica Alvarez                               Represented By
                                               Michael H Colmenares

**Defendant(s):**

Jessica Alvarez                               Pro Se

Shannon Case-Alvarez                          Pro Se

**Joint Debtor(s):**

Shannon B. Case-Alvarez                       Represented By
                                               Michael H Colmenares

**Movant(s):**

B.L., a minor, by and through her guard       Represented By
                                               Jack H Anthony

**Plaintiff(s):**

B.L., a minor, by and through her guard       Represented By
                                               Jack H Anthony

**Trustee(s):**

Steven M Speier (TR)                          Pro Se